

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR096 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| CALVIN CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter having come before this Court pursuant to a motion filed on June 18, 2008, by the above-captioned defendant to Dismiss Indictment or in the alternative for a New Trial. The government filed its response on July 11, 2008. The government supplemented its response with affidavits from Assistant United States Attorneys Blas E. Serrano and Bridget M. Brennan; Captain Robert McLaughlin, Huron County Sheriff's Office; and Lieutenant Dino Sgamballone, Mansfield Police Department and Commander of the METRICH Enforcement Unit for Richland County.

-2-

The Court, having reviewed the defendant's motion and the government's response, including the filed affidavits, hereby makes the following finding of facts:

1. that certain law enforcement officers and members of the METRICH Enforcement Unit became aware, as early as March 2008, that Jessie Whitt, their source and witness in the above captioned case, might currently be involved in drug trafficking;

2. that the foregoing knowledge of METRICH Enforcement Unit extended specifically to officers who were involved in and part of the investigation and prosecution team in the above-captioned case;

3. that as part of their trial preparation, AUSAs Blas E. Serrano and Bridget M. Brennan inquired of the METRICH Enforcement Unit law enforcement officers involved in the investigation and prosecution of the above-captioned defendant whether there was any additional information regarding the source/witness Whitt that needed to be disclosed to defense counsel;

4. that the members of the METRICH Enforcement Unit neglected to inform AUSAs Blas E. Serrano and Bridget M. Brennan of the foregoing information prior to May 12, 2008, the start of the trial in the above-captioned case;

-3-

5. that members of the METRICH Enforcement Unit advised AUSAs Serrano and Brennan on Wednesday, May 28, 2008, that a controlled purchase of drugs was made from the source/witness Whitt on May 21, 2008, and that they had previous knowledge that source/witness Whitt might be involved in drug trafficking prior to the trial date; and

6. that AUSAs Serrano and Brennan on Monday, June 2, 2008, notified defense counsel and the Court of the potential Brady violation.

This Court, based on the foregoing findings of fact and relevant case law involving the government's Brady obligations (see Brady v. Maryland, 373 U.S. 83 (1963) and its progeny), makes the following conclusions of law:

1. that the knowledge of members of the METRICH Enforcement Unit regarding possible criminal law violations by source/witness Whitt, prior to trial, is imputed to the government attorneys;

2. that the government's failure to notify defense counsel of the possible new law violations by the source/witness prior to trial, under the facts of this case, constituted a violation of Brady; and

3. that the government attorneys, specifically AUSAs Serrano and Brennan, exercised due diligence both prior

-4-

to trial to learn of potential <u>Brady</u> material and after trial by promptly self-reporting the potential <u>Brady</u> violation to defense counsel and the Court.

ACCORDINGLY, this Court, based on the foregoing findings of fact and law, hereby grants defendant's motion for a new trial.

IT IS SO ORDERED.

_9/17/08_
Date

_Kathleen M. O'Malley_
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

4. That the <u>Brady</u> violation was prejudicial to the defendant's rights and interfered with the defendant's ability to receive a fair trial.